UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

COURTNEY A. WYMAN and
MATTHEW WYMAN,

Debtors

Chapter 13
Case No. 10-11404-FJB

**MEMORANDUM OF LAW IN SUPPORT OF TRUSTEE'S
OBJECTION TO DEBTORS' EXEMPTIONS**

Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully submits this Memorandum of Law in support of the Trustee's Objection To Debtors' Exemptions. In support thereof, the Trustee states as follows:

## I.   BACKGROUND

Courtney Wyman and Matthew Wyman, the Debtors in the above-captioned bankruptcy case (the "Debtors"), filed a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code on February 12, 2010 (the "Petition Date"). On March 30, 2010, the Debtors appeared for a meeting of creditors and were sworn. The Debtors' Chapter 13 Plan proposes to pay the sum of $332.00 per month for 39 months and a 0% dividend to the holders of general unsecured claims. On Schedule B, the Debtors disclose a bank account at Bridgewater Savings Bank which had a balance of $33,850.00 (the "Bank Account") as of the Petition Date. According to Schedule B, the Bank Account consists of a retroactive unemployment compensation settlement that the Debtor, Matthew Wyman, received prior to the Petition Date. On Schedule C, the Debtor claimed an exemption for the Bank Account in the sum of $33,850.00 pursuant to 11 U.S.C. §522(d)(10)(A).

On April 15, 2010, the Trustee filed an Objection to the Debtors' claim of exemption asserting that the Bank Account was not exempt under 11 U.S.C. §522(d)(10)(A) because it was

an accumulated benefit that had already been distributed and was not a right to receive unemployment compensation. On April 29, 2010, the Debtors filed a response to the Trustee's Objection to Exemptions asserting that the Bank Account was exempt under 11 U.S.C. sec. 522(d)(10)(A) or in the alternative under 26 U.S.C. sec. 6334(a)(4). The Debtors further appear to argue that the Bank Account is not property of the estate.

## II.     QUESTION PRESENTED

Whether the Bank Account which represents retroactive unemployment compensation benefits received before filing for bankruptcy are: (i) property of the bankruptcy estate; or (ii) exempt from the bankruptcy estate under 11 U.S.C. sec. 522(d)(10)(A) or 26 U.S.C. sec. 6334(a)(4)?

## III.     ARGUMENT

Property of the estate is broadly defined and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." See 11 U.S.C. sec. 541(a). "Property of the bankruptcy estate can be removed from the estate one of three ways: (1) the debtor exempts it on her schedules under §522; (2) the trustee abandons it under §554[1]; or (3) the property is excluded by statute under the Bankruptcy Code or other federal law." In re Valentine, 2009 BNH 25, 2009 Bankr.Lexis 3193.

### A.     The Debtors' Claimed Exemption on Schedule C Is Inapplicable

The Debtors have claimed the Bank Account as exempt under 11 U.S.C. §522(d)(10)(A) in the sum of $33,850.00. Section 522(d)(10)(A) allows a debtor to exempt the right to receive unemployment compensation. It does not allow a debtor to exempt an accumulated benefit that has already been distributed. See In re Treadwell, 699 F.2d 1050 (11th Cir. 1983). Since the

---

[1] As the Debtor has not asserted that the Trustee abandoned the Bank Account, the Trustee will not address abandonment in this Memorandum.

2

unemployment compensation was distributed prior to the Petition Date, the Trustee asserts that the Bank Account is not exempt under 11 U.S.C. §522(d)(10)(A). Consequently, the Bank Account was not removed from the estate via an exemption on the Debtors' Schedules under §522.

      B.      The Bank Account Is Not Excluded From The Bankruptcy Estate Under The Bankruptcy Code Or Other Federal Law

Sections 541(b) and (c)(2) of the Bankruptcy Code set forth the types of property that are not property of the estate. The Bank Account does not fall into any of the exceptions set forth in the Bankruptcy Code. Therefore, the Debtors would need to rely upon other federal law to exclude the Bank Account from property of the estate. In the Debtors' Response to the Trustee's Objection to Exemptions, the Debtors rely upon 26 U.S.C. §6334. Section 6334(a)(4) provides that there shall be exempt from levy "Unemployment benefits—Any amount payable to an individual with respect to his unemployment … under an unemployment compensation law of the United States, of any State … 26 U.S.C. §6334(a)(4). The statute makes clear that an individual may *exempt* the unemployment benefits. The Trustee asserts that 26 U.S.C. §6334 would allow the Debtors to exempt the proceeds but not to exclude the proceeds from the bankruptcy estate.

In support of the Debtors' argument that the unemployment benefits would be excluded from property of the estate, the Debtors rely upon In re Carpenter, 408 B.R. 244 (8th Cir. BAP 2009). The Trustee asserts that Carpenter is distinguishable from the present case. In Carpenter, the debtor sought to exempt retroactive social security benefits under 11 U.S.C. §522(d)(10)(A). Carpenter at p. 245. The court determined that the social security benefits were not property of the bankruptcy estate. Id. at 248. In so holding, the court relied upon the language of 42 U.S.C. sec. 407. Section 407(a) of the Social Security Act provides that the "right of any person to any

3

future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."  Carpenter at 247, citing, 42 U.S.C. §407(a).

The Eleventh Circuit Court of Appeals, however, has held that the language in §407 does not exclude the social security benefits from the estate.  Instead, "the words merely indicate that the exemption there given cannot be taken away by a bankruptcy law.  They do not prevent the Bankruptcy Code from requiring a debtor to claim the exemption affirmatively, or to forego another otherwise available exemption if the social security exemption is claimed." In re Treadwell, 699 F.2d 1050 (11th Cir. 1983).

As recognized in Treadwell, the Debtors may claim either the exemptions available in the Bankruptcy Code under 11 U.S.C. §522(d) or the exemptions provided by other federal statutes and state law.  See 11 U.S.C. sec. 522(b).  "Accumulated or past due social security payments which are covered by 42 U.S.C. §407 are among the exemptions provided by non-bankruptcy federal law that the debtor can elect instead of the exemptions listed in the Bankruptcy Code." Treadwell at p. 1052.  In support of this position, the court cites the House Report which states

> The debtor may choose the Federal exemptions prescribed in subsection (d), or he may choose the exemptions to which he is entitled under other Federal law and the law of the State of his domicile.  If the debtor chooses the latter, some of the items that may be exempted under other Federal laws include:
>
> --social security payments, 42 U.S.C. 407.

Treadwell at p. 1052, citing H.Rep. No. 595, 95th Cong., 1st Sess. 360, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6316.

The Trustee asserts that Treadwell is more consistent with the Bankruptcy Code.  If Congress intended that property such as social security benefits or unemployment compensation

4

were excluded from the bankruptcy estate, then there would be no need to enact 11 U.S.C. §522(d)(10)(A) which provides that a debtor's right to receive property such as social security benefits or unemployment compensation are exempt from the estate. In the event the Court disagrees with Treadwell and determines that §407 operates to exclude social security benefits from the bankruptcy estate, the Trustee would still assert that the Bank Account is property of the estate. The property in the Bank Account is not social security benefits. It is unemployment compensation benefits. In 26 U.S.C. §6334, Congress provides for the exemption of unemployment compensation. It does not contain language similar to §407 of the Social Security Act which prevents the transfer or assignment of benefits.[2]

The Massachusetts Bankruptcy Court has recognized that unemployment compensation may be a benefit under the social security act when calculating current monthly income under 11 U.S.C. §101(10)(A). See In re Munger, 370 B.R. 21 (Bankr.D.Mass. 2007). However, the court recognized that sections of the Bankruptcy Code distinguish unemployment compensation from a benefit under the social security act and cites 11 U.S.C. §522(d)(10)(A) for such a proposition. Id. at 25. Similarly, Congress has provided a federal law separate from §407 of the Social Security Act pertaining to protection of unemployment benefits, i.e. 26 U.S.C. §6334.

## IV.    CONCLUSION

In Massachusetts, debtors may choose to claim exemptions pursuant to 11 U.S.C. sections 522(b)(2) or (b)(3). The Debtors chose the exemptions set forth in 11 U.S.C. sec. 522(b)(2) which allow the Debtors to claim exemptions pursuant to section 522(d) of the Bankruptcy Code. For the reasons set forth above, the Trustee asserts that the Debtors may not

---

[2] The Trustee acknowledges that the New Hampshire Bankruptcy Court in Valentine mentions in *dicta* that 26 U.S.C.A. §6334 as other bankruptcy law that may also have restrictions to exclude certain property from the estate. See Valentine, 2009 BNH 25, 2009 Bankr.Lexis 3192). However, the Court does not cite any basis for such a holding and the Trustee could find no such language in the statute.

exempt the Bank Account under 11 U.S.C. §522(d)(10)(A). The Debtors could have claimed the exemptions available under 11 U.S.C. §522(b)(3), which would have allowed the Debtors to exempt the Bank Account under applicable federal law, other than subsection (d) of §522. The Debtors chose not do so. Consequently, the Trustee asserts that the Bank Account is property of the bankruptcy estate and not been removed from the estate via a claimed exemption.

WHEREFORE, the Trustee requests that the Court sustain her objection to the Debtors' claimed exemptions and for such other relief as is proper.

Dated: June 9, 2010    Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee,

/s/ Carolyn A. Bankowski
Carolyn A. Bankowski, BBO#631056
Office of the Chapter 13 Trustee
PO Box 8250
Boston, MA  02114-0022
(617) 723-1313
13trustee@ch13boston.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br>COURTNEY A. WYMAN and<br>MATTHEW WYMAN,<br>　　　　　　　　　　Debtors | Chapter 13<br>Case No. 10-11404-FJB |

**Certificate of Service**

The undersigned hereby certifies that on June 9, 2010, a copy of the Trustee's

<u>Memorandum Of Law In Support Of Objection to Debtors' Exemptions</u> was served via first class

mail, postage prepaid, or by electronic notice, on the Debtors and Debtors' counsel at the

addresses set forth below.

Courtney A Wyman
59 Linden Street, unit 1603
Taunton, MA 02780

Honoria DaSilva-Kilgore
The Law Offices of
Honoria DaSilva-Kilgore, P.C.
2 Richard Street
P.O. Box 277
Raynham, MA 02767

Matthew Wyman
59 Linden Street, unit 1603
Taunton, MA 02780

　　　　　　　　　　　　　　　　　　　　　　/s/ **Carolyn A. Bankowski**
　　　　　　　　　　　　　　　　　　　　　　Carolyn A. Bankowski

7