# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| |
|---|
| **In re** |
| **COURTNEY A. WYMAN and MATTHEW WYMAN,** |
| **Debtors** |

**Chapter 13**
**Case No. 10-11404-FJB**

### MEMORANDUM OF DECISION ON
### THE STANDING CHAPTER 13 TRUSTEE'S OBJECTION TO DEBTORS' EXEMPTIONS

This matter is before the Court on the objection of the standing chapter 13 trustee, Carolyn A. Bankowksi (the "Trustee"), to the Debtors' claimed exemption under 11 U.S.C. § 522(d)(10)(A) of a lump-sum unemployment compensation payment in the amount of $33,850. Debtor Matthey Wyman received this payment shortly before his bankruptcy filing. The Trustee objects on the basis that § 522(d)(10)(A) permits exemption only of a debtor's "right to receive" unemployment compensation, not of unemployment compensation that was distributed prepetition. In the alternative, he argues that the payment is excluded from the estate altogether by an Internal Revenue Code provision that he contends exempts unemployment compensation payments from levy. For the reasons set forth below, the Court concludes that the payment is property of the estate and not exempt.

### Facts, Procedural History, and Arguments of the Parties

The relevant facts are not in dispute. On February 12, 2010, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Prior to the filing, on January 27, 2010, Debtor Matthew Wyman received a retroactive lump sum payment of unemployment compensation in the amount of $33,850, which he deposited into a segregated account at Bridgewater Savings Bank. In the schedule of exemptions they filed in their bankruptcy case, the Debtors elected the exemptions available under 11 U.S.C. § 522(b)(2) and

(d), the so-called Code exemptions, and, more specifically, claimed these funds as fully exempt under 11 U.S.C. § 522(d)(10)(A).  In relevant part, § 522(d)(10)(A) permits a debtor to exempt "the debtor's right to receive . . . unemployment compensation."  11 U.S.C. § 522(d)(10)(A).

The Trustee timely filed an objection (the "Objection") to this claim of exemption.  Citing *In re Treadwell*, 699 F.2d 1050 (11th Cir. 1983), she contends that 11 U.S.C. § 522(d)(10)(A) does not permit a debtor to exempt a benefit that was distributed before he filed his bankruptcy petition.[1]  The Debtors answer that the timing of the distribution is irrelevant to the availability of the exemption.  The purpose of the exemption, they argue, is to protect unemployment benefits that they need for the support of their family; the exemption's availability should not depend on the simple misfortune of having received it shortly before their bankruptcy filing and not after.

In the alternative, the Debtors also argue that unemployment benefits are excluded from bankruptcy estates altogether by § 6334 of the Internal Revenue Code, an exemption from levy for unemployment benefits.  26 U.S.C. § 6334.  In reliance on cases that have held that an analogous provision in the Social Security Act, 42 U.S.C. § 407(a), excludes social security benefits from bankruptcy estates, the Debtors argue that § 6334 should be construed to operate in the same way to exclude unemployment compensation from a debtor's bankruptcy estate.[2]  The Trustee responds that § 6334 is at best an exemption that, like any other in bankruptcy, a debtor must claim; these Debtors have neither elected the non-Code exemptions nor claimed this particular exemption.  The Trustee also argues that § 6334 does not operate as an exclusion from the bankruptcy estate; she points out that if did operate as an exclusion, then the exemption for unemployment compensation in § 522(d)(10)(A) would be superfluous, a result at odds with established principles of statutory construction.

---

[1]  Despite language in the Objection in which the Trustee challenges the Debtors' ability to exempt "an accumulated benefit that has already been distributed," the Trustee has clarified that she does not object to the exemption on the basis that the benefits were "accumulated," or paid in arrears or in a lump sum. The sole basis of her Objection is that, as of the petition date, the benefits were already distributed.

[2]  In effect the exclusion of an asset from the estate is much the same as its exemption.  In both cases, the Trustee may not liquidate the asset in question.  The difference is that excluded property never becomes property of the estate and therefore need not be claimed as exempt.  Where property is in the first instance an asset of the estate, the debtor must claim it as exempt in order to remove it from the trustee's reach.

**Discussion**

A party objecting to a debtor's claim of exemption bears the burden of proving that the exemption is not properly claimed. FED. R. BANKR. P. 4003(c). Here the relevant facts are established by agreement and only the law is in dispute. The arguments present two issues.

**a.  Section 522(d)(10)(e)**

The first is whether the exemption for unemployment benefits in § 522(d)(10)(A) of the Bankruptcy Code is limited to a debtor's right to receive benefits not yet paid, or whether it also includes benefits paid before the bankruptcy filing. The issue is one of first impression in this circuit. The Court begins with the language of the statute. Section 522(d)(10)(a) permits a debtor to exempt "[t]he debtor's right to receive . . . a social security benefit, unemployment compensation, or a local public assistance benefit." 11 U.S.C. § 522(d)(10)(A). The operative language here is "right to receive." It invites the question: did the debtor have, as of the petition date, a right to receive the benefit? Where the debtor has already received the funds in question, there remains no right to receive, only the funds received. The natural import of the words is thus limited to rights that, as of the petition date, remained unsatisfied. In contrast, the very next subsection of § 522(d) permits a debtor to exempt "[t]he debtor's right to receive, or property that is traceable to" certain awards and payments. 11 U.S.C. § 522(d)(11). Subsection (d)(11) thus uses the language of subsection (d)(10), "right to receive," and supplements it with "or property that is traceable to." The latter phrase must be assumed to mean something that the former does not include; otherwise the latter would be unnecessary—in which event Congress could simply have appended the items in (d)(11) to the list in (d)(10) without need of a separate subsection. The phrase "property that is traceable to," if used in subsection (d)(10), would clearly include the proceeds of a right to receive unemployment compensation. By using the phrase "property that is traceable to" in subsection (d)(11) but omitting it from (d)(10), Congress unambiguously confined the § 522(d)(10) exemptions to the debtor's "right to receive"

benefits not yet received and omitted from it benefits that have already been paid.[3]  For this

reason, the Court agrees with the cited cases and holds that subsection (d)(10) exempts only

the right to receive the benefits and payments enumerated in that subsection, not benefits that

were distributed prepetition.

    b.  **26 U.S.C. § 6334**

The second issue, one no court has yet addressed, is whether § 6334 of the Internal

Revenue Code excludes unemployment compensation from a debtor's bankruptcy estate.  In

relevant part this section states that "there shall be exempt from levy . . . any amount available

to an individual with respect to his unemployment . . . under an unemployment compensation

law of the United States [or] of any state[.]"  26 U.S.C. § 6334(a)(4).  This section appears in the

Chapter of the Internal Revenue Code governing the collection of taxes by the Internal Revenue

Service.  Therefore, there is cause to doubt that it was intended by Congress as anything more

than a limitation on the right of the IRS, as opposed to creditors in general, to reach

unemployment compensation and, more generally, the numerous assets enumerated in § 6334.

In form, it is no more than an exemption from levy.  The Debtors advance no reason why, any

more than numerous other federal and state exemption statutes, it should be construed to

---

[3] *In re Williams*, 181 B.R. 298, 301 (Bankr. W.D. Mich. 1995) (quoting 2 Norton Bankruptcy Law and Practice 2D § 46:17 at 46-36-37) (internal quotation marks omitted).  *See also In re Carpenter*, 408 B.R. 244, 246 (B.A.P. 8th Cir. 2009), *affirmed as to other issue*, 2010 U.S. App. LEXIS 15772 (8th Cir. 2010) (debtor was not entitled to exempt a social security benefit received prior to filing because "the cashier's check held by [debtor] does not constitute the 'right to receive' a social security benefit, but instead represents funds which were previously paid as such a benefit"); *In re Michael*, 262 B.R. 296, 298-99 (Bankr. M.D. Pa. 2001) (disallowing a debtor's 522(d)(10) exemption for proceeds the debtor received prepetition from a worker's compensation claim and deposited into a checking account); *In re Cesare*, 170 B.R. 37, 39 (Bankr. D. Conn. 1994) (noting that "[w]hile § 522(d)(10)exempts only the debtor's '*right to receive*' certain property, § 522(d)(11) exempts both the debtor's right to receive property enumerated by the statute as well as any other '*property that is traceable to*' such property. Had Congress intended that the exemption provided by § 522(d)(10) include any property purchased with proceeds received on account of the exempted property, it would have provided for such a continued exemption as it did in § 522(d)(11)"); and *Walker v. Treadwell (In re Treadwell)*, 699 F.2d 1050, 1052 (11th Cir. 1983) (stating in dicta, and with support in the legislative history, that subsection (d)(10)(A) permits a debtor to exempt a right to receive a future social security benefit, but not an accumulated benefit that has already been distributed).

4

remove unemployment compensation—or the various other assets enumerated in § 6334, for

the same logic would apply to them—from a bankruptcy estate.

The Debtors advance only one argument:  that 42 U.S.C. § 407 has been construed to

exclude social security benefits from a debtor's bankruptcy estate, and in like manner § 6334

should also be so construed.  Section 407, part of the Social Security Act, provides as follows:

> (a) The right of any person to any future payment under this subchapter
> shall not be transferable or assignable, at law or in equity, and none of
> the moneys paid or payable or rights existing under this subchapter
> shall be subject to execution, levy, attachment, garnishment, or other
> legal process, or to the operation of any bankruptcy or insolvency law.

> (b) No other provision of law, enacted before, on, or after April 20, 1983,
> may be construed to limit, supersede, or otherwise modify the
> provisions of this section except to the extent that it does so by
> express reference to this section.

42 U.S.C. § 407(a) and (b).  The Bankruptcy Appellate Panel for the Eighth Circuit construed

this language to exclude from a debtor's bankruptcy estate social security benefits that were

paid to a debtor prepetition, and this holding was affirmed on further appeal.  *Carpenter v. Ries*

*(In re Carpenter)*, 408 B.R. 244 (8th Cir. BAP 2009), *aff'd*, 614 F.3d 930 (8th Cir. 2010).  This

Court need not decide whether it would follow *Carpenter*.  It is sufficient here to note that § 407

of the Social Security Act contains significant language on which the *Carpenter* courts relied that

is completely absent from § 6334 of the Internal Revenue Code.  Specifically, § 407 contains

and § 6334 lacks (i) an express statement that the rights in question shall not be subject to the

operation of any bankruptcy law, and (ii) an express instruction that "no other provision of law,"

regardless of when enacted, "may be construed to limit, supersede, or otherwise modify the

provisions of this section except to the extent that it does so by express reference to this

section."  These are relevant because, by operation of § 541(a)(1) of the Bankruptcy Code, a

bankruptcy estate includes, "except as provided in subsections (b) and (c)(2) of this section,[4] all

legal and equitable interests of the debtor in property as of the commencement of the case."  11

---

[4]  No exception in subsection (b) or (c)(2) applies or is invoked here.

U.S.C. § 541(a)(1).  Section 6334, lacking the cited features of § 407(a) and (b), does not exclude unemployment compensation from the bankruptcy estate.

Before concluding, the Court notes that, in at least one place, the Debtors have characterized their argument under § 6334 as one to claim the unemployment compensation funds as exempt under that section.  This is probably just loose talk, as the gist of their argument under § 6334 is clearly to exclude the assets from the estate, not to claim as exempt an asset that belongs to the estate.  However, insofar as the Debtors may now be arguing for a determination that the funds are exempt under § 6334, that argument must be rejected as premature.  The Debtors have not yet claimed the funds as exempt under § 6334—this would require an amendment of schedule C, not a mere statement in a brief, see 11 U.S.C. § 522(l) and FED. R. BANKR. P. 4003(a)—and, having elected the Code exemptions in § 522(d), may not resort to non-Code exemptions without amending their entire slate of exemptions.  I make no ruling at this juncture as to the validity of any claim of exemption under § 6334.

For the reasons set forth above, a separate order will enter sustaining the Trustee's objection to Debtors' claim of exemption and declaring that the funds at issue are an asset of the bankruptcy estate.

Date:  September 27, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge